106 F.3d 390
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David E. HENDERSON, Plaintiff-Appellant,
v.
Warren CHRISTOPHER, Secretary of State, United States
Department of State; John Deutch, Director, The Central
Intelligence Agency; Dan Glickman, Secretary, The United
States Department of Agriculture; Janet Reno, Attorney
General of the United States; Robert Rubin, Secretary of
the Treasury; William Perry, Secretary of Defense; Karl
Sprick, Executive Secretary Foreign Service Grievance Board;
Anthony Lake, National Security Advisor; Louis Freeh,
Director, Federal Bureau of Investigation, Defendants-Appellees.
David E. HENDERSON, Plaintiff-Appellant,
v.
Warren CHRISTOPHER, Secretary of State, United States
Department of State; John Deutch, Director, The Central
Intelligence Agency; Dan Glickman, Secretary, The United
States Department of Agriculture; Janet Reno, Attorney
General of the United States; Robert Rubin, Secretary Of
the Treasury; William Perry, Secretary of Defense; Karl
Sprick, Executive Secretary Foreign Service Grievance Board;
Anthony Lake, National Security Advisor; Louis Freeh,
Director, Federal Bureau of Investigation, Defendants-Appellees.
 Nos. 96-1048, 96-1362.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 26, 1996.
Decided Jan. 22, 1997.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-95-1291-A)
 David E. Henderson, Appellant Pro Se.
 Jeri Kaylene Somers, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, VA, for Appellees.
 Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders granting the Defendants' motion to dismiss on his tort and employment claims[1] and granting the Defendants' motion for summary judgment regarding his Privacy Act (PA) and Freedom of Information Act (FOIA) claims.[2] We affirm.
 
 
 2
 We have reviewed the record and the district court's opinion and find no reversible error as to the dismissal of "Counts" I, II, and V-X as being either vague and conclusory, barred by the applicable statute of limitations, or barred by res judicata. To the extent that Count IV states only a tort claim, we would affirm its dismissal as well. Accordingly, we affirm on the reasoning of the district court. Henderson v. Christopher, No. CA-95-1291-A (E.D.Va. Dec. 11, 1995).
 
 
 3
 To the extent that Count IV may be construed as a claim for correction under the PA, we review it with Count III. As there is no evidence that Count IV, as a claim for correction, was ever submitted to the appropriate agency, we modify the district court's dismissal to reflect that it is without prejudice for failure to exhaust. Turning to Count III, we find that according to the record and the parties' supplemental briefs, the Defendants conducted an adequate search and that all requested, identifiable information has now either been released to the Appellant or properly withheld under FOIA exceptions. Accordingly, we affirm the district court's grant of summary judgment as to Count III. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 Labelled by Appellant as "Counts" I, II and IV-X. No. 96-1048
 
 
 [2]
 Labelled by Appellant as "Count IV." No. 96-1362